IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH CROWDER,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.

Case No. 6:13-cv-01943-AA

OPINION AND ORDER

---

Bruce W. Brewer
P.O. Box 421
West Linn, Oregon 97068
    Attorney for plaintiff

S. Amanda Marshall
Ronald K. Silver
United States Attorney Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

Brett E. Eckelberg
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Joseph Crowder brings this action pursuant to the Social Security Act (the Act) to obtain judicial review of a final decision of the Commissioner of Social Security. The Commissioner denied plaintiff's application for Title II disability insurance benefits (DIB). For the reasons set forth below, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

On December 15, 2009, plaintiff protectively applied for DIB. Tr. 181-82. Plaintiff's application was denied initially and upon reconsideration. Tr. 97-100, 104-06. On May 15, 2012, plaintiff and a vocational expert (VE) appeared and testified before an Administrative Law Judge (ALJ). Tr. 36-58. On June 11, 2012, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 16-35. On, August 28, 2013, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision as the final decision of the Commissioner. Tr. 1-4. Plaintiff now seeks judicial review.

## STATEMENT OF FACTS

Born on August 6, 1965, plaintiff was forty-one years old as of his alleged onset date of disability and forty-six years old at the time of the ALJ's decision. Tr. 29, 181. Plaintiff has a high-school education with several years of college course

work and past relevant work as a truck driver. Tr. 29, 39-40, 52. Plaintiff alleges disability as of April 2007, due to medical conditions involving his spine, knee, and shoulder, as well as depression and schizophrenia. Tr. 41-42, 181, 204.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (internal quotation marks and citation omitted).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486

Page 3 - OPINION AND ORDER

(9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the alleged period of disability. Tr. 21; 20 C.F.R. § 404.1520(b).

At step two, the ALJ found that plaintiff had a "medically severe impairment or combination of impairments" of spinal disc protrusion, depression, and substance abuse. Tr. 21, 20 C.F.R. § 404.1520(c). However, at step three, the ALJ found that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Tr. 22; 20 C.F.R. § 404.1520(d).

The ALJ then determined plaintiff's residual functional capacity (RFC) and found that plaintiff could perform sedentary work with certain limitations; plaintiff could lift only ten pounds occasionally and less than ten pounds frequently and

Page 4 - OPINION AND ORDER

could not crawl, climb or perform overhead work. Tr. 24. The ALJ also found that plaintiff could "perform simple, repetitive tasks" and "have incidental contact with the public and occasional contact with co-workers." Tr. 24; 20 C.F.R. § 404.1520(e). Based on this RFC finding, at step four the ALJ found that plaintiff could not perform his "past relevant work." Tr. 29; 20 C.F.R. § 404.1520(f).

At step five, the burden shifted to the Commissioner to establish that plaintiff can perform other work existing in significant numbers in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(g). Based on the testimony of the VE, the ALJ found that plaintiff could perform other work such as a small products assembler and packager/sorter. Tr. 29-30. Accordingly, the ALJ found plaintiff not disabled under the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred by: 1) finding his subjective symptom testimony not credible; 2) rejecting the opinions of an examining psychologist and other mental health professionals; 3) rejecting the observations of a lay witness; and 4) finding plaintiff's alleged schizophrenia as a non-severe impairment.

I. Plaintiff's Credibility

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, to reject his testimony concerning the extent of his impairments, particularly his schizophrenia.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); see also Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008) (unless evidence of malingering is present in the record, the ALJ must base adverse credibility finding on clear and convincing reasons).

In evaluating a claimant's allegations, the ALJ may "consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct," an "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," and "whether the claimant engages in daily activities inconsistent with the alleged symptoms." Molina v. Astrue, 674 F.3d at 1104, 1112 (9th

Page 6 - OPINION AND ORDER

Cir. 2012) (citations omitted). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Plaintiff testified that he suffers from severe pain in his back, legs, and left shoulder as a result of "multiple back surgeries," a ruptured disc and shoulder injuries. Tr. 41, 45. Plaintiff also testified that he hears voices and has schizophrenia, a condition that has progressively worsened over the past ten years. Tr. 41-43. Plaintiff testified that he has "good days and bad days" and spends most of his time "sitting on the couch" and watching television. Tr. 47.

The ALJ found that plaintiff's allegations were not fully credible. At the outset, I note that the record includes evidence of malingering, Tr. 393; therefore, the ALJ was not required to provide clear and convincing reasons to reject plaintiff's subjective complaints. Regardless, I find that the ALJ provided legally sufficient reasons to support his credibility finding under any relevant standard.

The ALJ found that the medical record did not support plaintiff's allegations of disabling pain. Tr. 26. While an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to

Page 7 - OPINION AND ORDER

the medical record for inconsistencies. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999). The ALJ noted that in December 2009 and in August 2010, plaintiff was reported to have normal strength and reflexes, with some decreased range of motion in his neck. Tr. 26, 367-68, 385. In February 2011, plaintiff was had no strength or sensory deficits despite his disc protrusion. Tr. 26, 407-08. In March 2011, an examining physician reported that plaintiff had good strength and range of motion in the lower extremities and limited in the upper. Tr. 26, 397. The same physician opined that plaintiff could walk, drive, perform self-care and lift ten pounds. Tr. 28, 396. Additionally, several non-examining physicians found that plaintiff could perform light work. Tr. 83, 89-90. Nonetheless, the ALJ gave plaintiff "the benefit of the doubt" and found him limited to sedentary work. Tr. 27. Finally, as the ALJ noted at the administrative hearing, disability investigators visited plaintiff at his home and reported that he showed no physical limitations or discomfort when walking, sitting, or leaning. Tr. 50-51, 260-62.

With respect to plaintiff's alleged mental impairments, the ALJ noted that Dr. James Bryan, an examining psychologist opined that plaintiff was likely malingering with respect to his psychiatric symptoms. Tr. 26-27, 391-93. Further, the ALJ noted

Page 8 - OPINION AND ORDER

that a non-examining psychologist determined that plaintiff had only mild limitations in activities of daily living and moderate impairments in his ability to maintain concentration, persistence or pace. Tr. 27, 67, 84.

Given the evidence of record, the ALJ did not err in finding that the record did not support plaintiff's allegations of complete disability, particularly given the evidence of malingering and exaggeration.

The ALJ also found plaintiff's testimony not fully credible because it was inconsistent with some of his daily activities. Daily activities may be used to discredit a claimant where they either "are transferable to a work setting" or "contradict claims of a totally debilitating impairment." Molina, 674 F.3d at 1112-13. Plaintiff reported that he attends to his personal needs, prepares simple meals, shops, uses public transportation and a computer, pays his bills and watches television. Tr. 48, 51, 214-18. Such activities belie plaintiff's hearing statements and allegations of complete disability. Molina, 674 F.3d at 1113 (even when a plaintiff's activities "suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"). Therefore, the ALJ's credibility finding is affirmed.

## II. Lay Witness Testimony

Plaintiff argues that the ALJ failed to provide germane reasons to reject the statements of Betty Crowder, his mother.

Lay testimony regarding a claimant's symptoms or an impairment's effect on the claimant's ability to work is competent evidence that an ALJ must take into account. Molina, 674 F.3d at 1114. The ALJ must provide reasons "germane to each witness" in order to reject such testimony. Id. Lay witness testimony may be disregarded if it is inconsistent with the claimant's activities of daily living or the other evidence of record. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

The ALJ found the third-party function report of Ms. Crowder to be inconsistent with plaintiff's daily activities, and he also noted that Ms. Crowder was not "a disinterested party." Tr. 28, 222-29. Thus, the ALJ provided germane reasons for his rejection of Ms. Crowder's statements. Further, the ALJ's reasoning with respect to plaintiff's allegations is equally applicable to Ms. Crowder's observations. See Molina, 674 F.3d at 1122.

## III. Medical Evidence

Plaintiff also argues that the ALJ failed to provide legally sufficient reasons to reject the opinions of Dr.

Page 10 - OPINION AND ORDER

Stradinger, an examining psychologist, and the statements of Ross Higerd and Scott Huffman, mental health providers.

There are three types of medical opinions in social security cases: those from treating, examining, and non-examining doctors. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). To reject the uncontroverted opinion of a treating or examining doctor, the ALJ must present clear and convincing reasons. Bayliss, 427 F.3d at 1216. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. Id. "[T]he findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings." Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).

The ALJ gave partial weight to Dr. Stradinger's opinion, accepting her opinion that plaintiff was limited to simple, repetitive tasks but rejecting her opinion that plaintiff was unable to complete a full work day or work week due to his schizophrenia. Tr. 28, 375-76. The ALJ also partially discounted Dr. Stradinger's opinion that plaintiff would have difficulty interacting "with supervisors, coworkers, and the public given his schizophrenia." Tr. 376. The ALJ found that Dr. Stradinger's opinion conflicted with the medical evidence of record. Tr. 28.

Page 11 - OPINION AND ORDER

Instead, the ALJ found more persuasive the findings of Dr. Bryan and a non-examining psychologist who opined that plaintiff was mildly to moderately limited in his mental functioning. Tr. 27, 67.

In particular, the ALJ gave significant weight to the opinion of Dr. Bryan, an examining psychologist who administered extensive testing of plaintiff and opined that plaintiff was malingering and exaggerating his symptoms. Tr. 26, 27-28, 387-94. Significantly, Dr. Bryan found Dr. Stradinger's "conclusions as having been not fully objective, and confounded by potential for symptom exaggeration." Tr. 393. Dr. Bryan found plaintiff's diagnosis of schizophrenia to be based solely on plaintiff's self-reports of his symptoms, reports which both Dr. Bryan and the ALJ found not credible. Tr. 393; Morgan, 169 F.3d at 602 ("A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted.") (internal quotation marks and citation omitted).

Dr. Bryan further opined that plaintiff's profile did not correspond with a schizoaffective disorder. Tr. 393 ("The history he now reports is atypical for a schizophrenic-related condition[.]"). Ultimately, Dr. Bryan stated that he could not reach conclusions about plaintiff's "actual mental health

Page 12 - OPINION AND ORDER

status" due to a lack of objective documentation and plaintiff's lack of credibility. Tr. 393.

Given the conflicting medical evidence of record, the ALJ provided legally sufficient reasons, supported by substantial evidence, to reject the opinion of Dr. Stradinger.

With respect to Messrs. Higerd and Huffman, the ALJ considered their statements that plaintiff was markedly limited in areas of social functioning and concentration, persistence and pace. Tr. 28, 379-81, 401-04. However, the ALJ discredited their opinions as inconsistent with other medical evidence, noting they were not "accepted medical sources." Tr. 28. Mental health professionals are not "acceptable medical sources" under the Act; rather, they are treated as "other" sources. 20 C.F.R. § 404.1513(a),(d). Evidence from other sources is evaluated under the same standard as lay witness testimony. Slover v. Comm'r. Soc. Sec. Admin., 2011 WL 1299615, at *14 (D. Or. April 4, 2011). An ALJ may disregard the opinion of a mental health professional by providing reasons germane to the witness. Turner v. Comm'r. Soc. Sec., 613 F.3d 1217, 1223-24 (9th Cir. 2010).

Here, the ALJ provided reasons germane to the opinions of Messrs. Higerd and Huffman, and I find no error in his consideration of this evidence in light of the conflicting evidence of record.

Page 13 - OPINION AND ORDER

IV. Step Two Finding

Finally, plaintiff argues that the ALJ erred in finding his alleged schizophrenia as "nonsevere."

A plaintiff bears the burden of proving that an impairment is severe. See 20 C.F.R. §§ 404.1505(a), 404.1520(c). A "severe" impairment must limit a person's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). An impairment is not severe "if it does not significantly limit your physical or mental ability to do basic work activities." Id. § 404.1521(a). A severe impairment cannot be established on the basis of symptoms alone; it must be supported by medically-accepted diagnostic techniques. Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005); 20 C.F.R. § 404.1508.

Plaintiff fails to show a definitive diagnosis of schizophrenia from an acceptable medical source. While Dr. Stradinger rendered a diagnosis of schizoaffective disorder, she did so based on plaintiff's self-reports. Tr. 370-71. Further, Dr. Bryan found that any other diagnosis of schizophrenia also was based on plaintiff's self-reported symptoms. Tr. 393. Finally, Dr. Bryan noted plaintiff's symptoms did not fit the profile of schizophrenia, and plaintiff's actual mental limitations could not be ascertained because of his lack of credibility. Tr. 393.

Page 14 - OPINION AND ORDER

Therefore, I find no error in the ALJ's step two findings given the lack of a medically documented diagnosis of schizophrenia. Ukolov, 420 F.3d at 1005.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 24th day of March, 2015.

_____
Ann Aiken
United States District Judge

Page 15 - OPINION AND ORDER